Arnold WINTERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8802–CR–174.

Supreme Court of Indiana.

Nov. 22, 1988.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a companion case to *Winters v. State* (1988), Ind., 530 N.E.2d 289. A jury trial resulted in the conviction of appellant of Murder, for which he received a forty (40) year sentence; Attempted Murder, for which he received a thirty (30) year sentence; and Robbery, for which he received a thirty (30) year sentence, the sentences to run concurrently.

The facts are: On the evening of July 23, 1986, Eugene Kee and Melvin McCullough, who were security guards, heard an argument in progress between brothers Jay Winters and Donnie Winters. The officers approached the two and asked them what their problem was. They responded that the officers should not worry about it, that it was between them, at which time the officers asked them to leave the premises.

Jay then pushed Officer Kee and Kee pushed him back. Jay then hit Kee with his elbow whereupon Kee drew a pistol and a pair of handcuffs and hit appellant in the face with the handcuffs. At that time, Jay and Donnie agreed to leave and began to walk away followed by the officers. However, they again started arguing, and Officer Kee again intervened. They stopped arguing and started to walk away. At this time, appellant, who was a brother to Jay and Donnie, approached from behind the officers, placed a pistol to the back of Kee's head and fired a shot which killed Kee. McCullough drew his pistol and fired a shot.

Jay and Donnie grabbed McCullough by the arms and disarmed him. In the struggle, however, McCullough managed to jam the mechanism of his pistol. Jay then gained possession of the disabled pistol and attempted to fire it at McCullough but was unable to do so. Jay again grabbed one of McCullough's arms while Donnie held the other arm. Appellant then walked up to McCullough and shot him in the face. McCullough fell backward. He attempted to draw a second pistol which he was carrying strapped to his ankle. Appellant then fired another shot into McCullough's buttocks.

McCullough stood up and appellant handed a pistol to Jay, and Jay shot McCullough in the back. McCullough fell to the ground, and Jay walked up to him and shot him in the groin. When McCullough continued to struggle, Jay observed that: "[He] ain't dead yet." One of the brothers then advised him to shoot him in the head like they had shot the other officer. Jay walked up to McCullough and just as he fired, McCullough moved his head to one side and the bullet missed. This apparently was not observed by Jay because he declared McCullough to be dead and left the scene.

Donnie and appellant went to the apartment of a friend where they stated they had just shot and killed someone, and they needed a ride out of town. Their friend took them to Louisville. During that period, they stated that they had done the shooting and their brother Jay had not participated in the shooting. The facts of the shooting as above recited were testified to by McCullough who survived the attack. However, Dee Antoinette Keller, a 13–year–old girl who witnessed the shooting, stated that she saw appellant fire the shots, that she did not see Jay with a gun, nor did she see him shoot anybody.

■ Appellant claims the trial court erred in denying his motion to sever the defendants for purposes of trial. He points out that initially the defendants were not charged together in the same information. However, the State had successfully moved the court to consolidate the three defendants for the purposes of trial. Appellant did not object at that time to the State's motion to consolidate. However, after the State had presented its evidence and appellant's brother Jay had commenced his defense and called Crystal Har-

ris to the witness stand, appellant then made a motion for separation contending that he was taken by surprise by his brother calling Harris as a witness.

 He continued this objection when his brother also called LaShelle Keller and her sister Dee Antoinette Keller as witnesses. Harris testified that appellant told her that he had just killed two security guards and that Jay had not shot either one of the guards. Dee Antoinette Keller testified that she saw appellant shoot the security guard and that she did not see Jay shoot anybody. The decision to grant or deny a motion for severance or separate trials is within the sound discretion of the trial court and such a decision will not be disturbed without a showing of abuse of discretion. *Taylor v. State* (1984), Ind., 469 N.E.2d 735.

In the case at bar, we fail to see any abuse of the trial court's discretion in view of the fact that the evidence given by Harris and the Keller sisters was merely cumulative of evidence which had already been placed before the jury in the State's case-in-chief. It is incumbent upon appellant to demonstrate that he was prejudiced by the court's ruling. *Watkins v. State* (1984), Ind., 460 N.E.2d 514.

The trial court did not err in denying appellant's motion for severance.

 Appellant claims that the verdict is not sustained by sufficient evidence. He maintains that his action should be classified as justifiable defense of his brother Jay. He states that as he approached his brothers and the officers he saw Officer Kee strike Jay in the face with handcuffs. He thus believed Jay was in imminent danger and that it was necessary for him to shoot Kee to defend his brother.

However, the evidence showed that after Jay was struck by the handcuffs, the four men walked several steps before appellant shot Officer Kee. All of this evidence was placed before the jury for their consideration. The evidence supports a finding by the jury that appellant did not have reasonable fear or apprehension that his brother would suffer death or great bodily harm, and there was not sufficient reason for appellant to use deadly force to defend his brother. This Court will not weigh such evidence and invade the prerogative of the jury. *Alfaro v. State* (1985), Ind., 478 N.E. 2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.