Jay WINTERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8710-CR-952.

Supreme Court of Indiana.

Nov. 22, 1988.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, for which he received a sentence of twenty (20) years. This is a companion case to *Winters v. State* (1988), Ind., 530 N.E.2d 291.

The facts are: On the evening of July 23, 1986, Eugene Kee and Melvin McCullough, who were security guards, heard an argument in progress between appellant and his brother, Donnie Winters. The officers approached the two and asked them what their problem was. They responded that the officers should not worry about it, that it was between them, at which time the officers asked them to leave the premises.

Appellant then pushed Officer Kee and Kee pushed him back. Appellant then hit Kee with his elbow whereupon Kee drew a pistol and a pair of handcuffs and hit appellant with the handcuffs. At that time, appellant and Donnie agreed to leave and began to walk away followed by the officers. However, they again started arguing, and Officer Kee again intervened. They stopped arguing and started to walk away. At this time, another brother, Arnold Winters, approached from behind the officers, placed a pistol to the back of Kee's head and fired a shot which killed Kee. McCullough drew his pistol and fired a shot.

Appellant and Donnie grabbed McCullough by the arms and disarmed him. In the struggle, however, McCullough managed to jam the mechanism of his pistol. Appellant then gained possession of the disabled pistol and attempted to fire it at McCullough but was unable to do so. Appellant again grabbed one of McCullough's arms while Donnie held the other arm. Arnold then walked up to McCullough and shot him in the face. McCullough fell backward. He attempted to draw a second pistol which he was carrying strapped to his ankle. Arnold then fired another shot into McCullough's buttocks.

McCullough stood up and Arnold handed a pistol to appellant, and appellant shot McCullough in the back. McCullough fell to the ground, and appellant walked up to him and shot him in the groin. When McCullough continued to struggle, appellant observed that: "[He] ain't dead yet." One of the brothers then advised him to shoot him in the head like they had shot the other officer. Appellant walked up to McCullough, however, just as he fired McCullough moved his head to one side and the bullet missed. This apparently was not observed by appellant because he declared McCullough to be dead and left the scene.

Donnie and Arnold went to the apartment of a friend where they stated they had just shot and killed someone, and they needed a ride out of town. Their friend took them to Louisville. During that period, they stated that they had done the shooting and their brother Jay, appellant in this case, had not participated in the shooting. The facts of the shooting as above recited were testified to by McCullough who survived the attack. However, Dee Antoinette Keller, a 13–year–old girl who witnessed the shooting, stated that she saw Arnold fire the shots, that she did not see appellant with a gun, nor did she see him shoot anybody.

■ Appellant claims the verdict of the jury is not sustained by sufficient evidence. Appellant recognizes that this Court will not weigh the evidence on appeal. However, he contends there is a total lack of evidence that he did the shooting. Appel-

lant takes this position based upon the fact that his brothers had told friends immediately after the shooting that they had done the shooting, and appellant had not participated. Appellant also claims that, although McCullough testified as above indicated, one day after the shooting he stated that Arnold had done all of the shooting.

He also claims that McCullough's description of his wounds did not coincide with Dr. Robert Kinkead's testimony as to the wounds. However, we do not perceive any material difference in the testimony of McCullough and Dr. Kinkead regarding the wounds. He further points out that McCullough did not know the Winter brothers by name and could have been confused in their identity. He also stresses the testimony of Miss Keller. However, all of this evidence was placed before the jury, and it was their prerogative to determine which version of the shooting they were to believe.

Contrary to appellant's position, this is not a case of a total lack of evidence to sustain the jury verdict. McCullough's testimony concerning the shooting was obviously believed by the jury and clearly supports the verdict. We will not invade the province of the jury under such circumstances. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ Appellant claims the trial court erred in refusing to grant a new trial. An attorney representing one of his brothers stated in part in final argument to the jury: "And what about Jay Winters, what about his version of what happened, what about his witnesses?" Appellant takes the position that this comment by the attorney was a comment on his failure to testify. At the time this happened, the trial court instructed the jury to disregard the comment by counsel regarding evidence from Jay Winters.

In the first place, we cannot agree with appellant that the remark was clearly a comment on appellant's failure to testify. We agree with the observation of the State that this comment did not focus on appellant's failure to testify but rather focuses on the nature of the State's evidence and

appellant's reply thereto and as such does not constitute impermissible comment on appellant's failure to testify. We would further point out that the trial court admonished the jury to disregard the comment. Appellant did not move for a mistrial at that time. Thus, any possible error with regard to a mistrial has been waived. *Johnson v. State* (1985), Ind., 472 N.E.2d 892.

■ Appellant claims the trial court erred in refusing to grant a separate trial for the three brothers. Originally the brothers were charged separately. On the State's motion, however, the cases were consolidated. At that time, appellant objected to the consolidation, but the court overruled his objection. Appellant concedes that Ind.R.Tr.P. 42 and Ind.Code § 35–34–1–11(b) provide for such consolidation. However, in this case, he claims it was error because of the resultant substantial prejudice to him. He draws the conclusion that to try him with his brothers caused facts irrelevant to his defense to be introduced in evidence thus preventing a fair determination of his guilt or innocence. However, he draws this conclusion without pointing out any such irrelevant facts.

In the case at bar, neither of appellant's codefendants presented any case-in-chief. We do not perceive any of the evidence presented by the State to have been inadmissible had appellant been tried separately. Appellant has demonstrated no reversible error in this regard.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.