Arnold WINTERS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9712–PC–884.

Court of Appeals of Indiana.

July 9, 1998.

Transfer Denied Nov. 18, 1998.

Susan K. Carpenter, Public Defender, Janice L. Stevens, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

STATON, Judge.

Arnold Winters appeals the denial of his petition for post-conviction relief. He raises one issue on appeal which we restate as: whether Winters' appellate counsel was ineffective thereby entitling him to post-conviction relief.

We affirm.

Winters was convicted of murder, attempted murder, and robbery on June 10, 1987. Our supreme court affirmed his convictions on direct appeal. *Winters v. State,* 530 N.E.2d 291 (Ind.1988) (*"Winters I"*). Win-

ters subsequently filed a petition for post-conviction relief which was granted. The post-conviction court concluded that the trial court committed fundamental error by failing to comply with the provisions of IND.CODE § 34–1–21–6 regarding jury requests for information.[1]

The State appealed the post-conviction court's decision, and we reversed, holding that the trial court committed reversible but not fundamental error. *State v. Winters*, 678 N.E.2d 405, 410 (Ind.Ct.App.1997) (*"Winters II"*). We remanded the case for consideration of whether Winters' appellate counsel was ineffective for failing to raise the issue on direct appeal. On remand, the post-conviction court concluded that Winters failed to meet his burden of establishing that appellate counsel's conduct fell below an objective standard of reasonableness, and thus, denied Winters post-conviction relief. Winters appeals.

■ To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether a defendant has been prejudiced, we ask whether, considering the alleged deficiency, the ultimate result was fundamentally unfair or unreliable. *Games v. State*, 690 N.E.2d 211, 214 (Ind.1997).

■ Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Fugate v. State*, 608 N.E.2d 1370, 1372 (Ind.1993). Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State*, 602 N.E.2d 111, 113 (Ind. 1992), *reh. denied.*

■ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.*

Winters contends that he presented strong and convincing evidence to the post-conviction court that his appellate counsel's performance fell below an objective standard of reasonableness. We need not decide whether Winters' contention is correct, however, because we conclude that Winters cannot establish that he was prejudiced by his appellate counsel's failure to raise the issue.

■ Based upon this court's decision in *Winters II*, both Winters and the post-conviction court assumed that the prejudice prong of the ineffective assistance of counsel claim had been met. Indeed, we stated in *Winters II*: "[W]e determined that the violation of IC 34–1–21–6 was prejudicial error. Such error also satisfies the second prong of the test for ineffective assistance of counsel; that there was a reasonable probability of counsel's error affecting the outcome of Winters' appeal." 678 N.E.2d at 411. This conclusion, that the second prong of the test for ineffective assistance of counsel had been met, was incorrect in light of our supreme court's recent opinion in *Games v. State*, 690 N.E.2d 211 (Ind.1997).

In *Games*, the supreme court clarified that the proper standard for determining whether an attorney's deficient performance has prejudiced a defendant "is not whether there is a reasonable probability that, but for the alleged deficiency of counsel, a different outcome would have occurred. Rather, the standard to be applied ... is whether, considering the alleged deficiency, 'the ultimate result (his convictions) was fundamentally unfair or unreliable.'" *Games*, 690 N.E.2d

---

1. The post-conviction court also concluded that the jury was improperly instructed regarding the elements of attempted murder and that double jeopardy precluded Winters' convictions for both murder and robbery as a class A felony. The State did not appeal either of these conclusions.

at 214 (quoting *Games v. State,* 684 N.E.2d 466 (Ind.1997)). Under such a test, a post-conviction court must consider, in part, the evidence of a defendant's guilt to determine whether the result of the proceeding is fundamentally unfair or unreliable. *Id.*

In determining that the prejudice prong was met in *Winters II,* we concluded that there was a reasonable probability that counsel's error affected the outcome of Winters' appeal. 678 N.E.2d at 411. We should have asked instead whether the error rendered Winters' convictions fundamentally unfair or unreliable. .In applying the correct test, we conclude that Winters was not prejudiced by his appellate counsel's failure to raise the issue on appeal.

The trial court error at issue can be summarized as follows. During jury deliberations, the jury foreman sent two notes to the trial court. The first note contained a jury request to listen to a key witness's testimony. The second note requested that the court provide the jury with a definition of aiding and abetting. Neither of these notes was ever shown to the judge or the attorneys. Instead, the bailiff denied the jury's first request by writing "no" on the note. The record does not reveal whether the jury received a response to the second note.

Failure to bring these notes to the attention of the parties constituted reversible error. *Winters II,* 678 N.E.2d at 410. During the trial, IC 34-1-21-6 was in effect and provided:

> After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

We determined that the first jury note could have been interpreted as manifesting juror disagreement regarding the witness's testimony and that such a note required the court to call the parties or their attorneys into court. *Winters II,* 678 N.E.2d at 410. Too, we held that the jury's second note mandated that the court follow the statutory procedure because it manifested the jury's desire to be informed regarding a point of law. *Id.*

Although we held in *Winters II* that the trial court's error was reversible, we also concluded that it was not fundamental. The error was not fundamental because it was not a blatant violation of basic principles such that the defendant could not possibly have had a fair trial. *Id.* We reaffirm that conclusion and add that the evidence of Winters' guilt is overwhelming. *See Winters I,* 530 N.E.2d at 292. In light of this evidence, we are unable to conclude that Winters' convictions are fundamentally unfair or unreliable. Accordingly, we reject Winters' claim that he is entitled to a new trial as a result of the ineffectiveness of his appellate counsel.

Affirmed.

GARRARD and MATTINGLY, JJ., concur.