733 N.E.2d 937 (2000)
S. T., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 20A03-9912-JV-480.
Court of Appeals of Indiana.
June 27, 2000.
*939 Nancy A. Mc Caslin, Elkhart, Indiana, Attorney for Appellant.
Karen M. Freeman-Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

*938 OPINION
VAIDIK, Judge.
Appellant, S.T., challenges his adjudication of delinquency for Battery,[1] a class D felony, Resisting Law Enforcement,[2] a class A misdemeanor, and Illegal Consumption of Alcoholic Beverages,[3] a class C misdemeanor. S.T. contends that he was denied the effective assistance of counsel when his attorney failed to do the following: 1) object to the untimely filing of the State's witness list; 2) make an offer of proof explaining why defense counsel was unable to timely file its witness list; 3) make an offer of proof with regard to the two defense witnesses whose testimony was excluded; and 4) move to suppress the allegedly suggestive pre-trial identification testimony. Because we conclude that counsel was either not deficient in her performance or that counsel's performance did not prejudice S.T., we affirm.

Facts and Procedural History
At approximately 12:45 p.m. on June 29, 1999, police officers Todd Thayer and William Heerschop of the Elkhart Police Department were on bike patrol when they observed S.T. and another youth walking through a housing complex. Because S.T.'s friend was carrying what appeared to be a can of beer wrapped in a towel, the police officers approached the youths to investigate. During the investigation, the officers discovered that S.T.'s friend indeed was holding a can of beer and that the youths smelled of alcoholic beverages. S.T.'s friend admitted he was seventeen years old and thereafter, was placed under arrest for illegal consumption of alcoholic beverages.
Officer Thayer proceeded to conduct a pat-down search of S.T.'s friend. Upon discovering a handgun in his pocket, Officer Thayer immediately informed Officer Heerschop. The youths were then ordered to lie on the ground. Although they initially complied, S.T. began to push himself up from the ground. In response, Officer Heerschop positioned himself behind S.T., grabbed him around the waist and began wrestling with him. Officer Heerschop fell backward, causing S.T. to land on top of him. S.T. then pushed Officer Heerschop, escaped, and fled, despite Officer Heerschop's orders to stop. Officer Heerschop did not pursue S.T., but aided Officer Thayer in transporting S.T.'s friend to the police station.
At the station, Officer Thayer went to the detective's bureau to obtain a book of mug shots. Officer Thayer looked through the book but was unable to locate S.T.'s picture. He then informed a detective that they were looking for a young man *940 who had fled and described S.T. Officer Heerschop examined a different photo album but was unable to locate S.T.'s photo. Record at 52.
During an investigation, the police attempted to learn the names of some of the acquaintances of the youth who had been arrested. After S.T.'s name was discovered, it was given to Officer Thayer. Officer Thayer was then shown a single photograph of S.T. Upon viewing the photograph, Officer Thayer "immediately recognized" S.T. as the youth who had fled. Record at 31. Officer Heerschop also viewed the photograph. Although he was fairly certain that S.T. was the suspect who fled, he wanted to observe S.T. in person before making a positive identification. Record at 32. The officers proceeded to S.T.'s residence where Officer Heerschop immediately made a positive identification. Record at 49. Upon seeing him in person, Officer Thayer also felt sure that S.T. was the youth who fled. S.T. was placed under arrest.
A fact-finding hearing was held on September 10, 1999. Before evidence was presented, the defense stated its intention to call three witnesses, S.T., S.T.'s mother and S.T.'s friend. The State objected on the basis that the defense had failed to disclose its witness list ten days before trial as required by a local rule. Record at 22. The trial court agreed and refused to allow S.T.'s mother or friend to testify. The trial court, however, did permit S.T. to testify.
Thereafter, Officers Thayer and Heerschop testified, describing the details of the incident and identifying S.T. in court. Record at 32, 43. After the State rested, S.T. presented an alibi defense, testifying that he had been home asleep when the incident allegedly occurred. The court found that S.T. had committed the delinquent acts as charged and S.T. now appeals.

Discussion and Decision
S.T. contends he was denied the effective assistance of counsel. In particular, he argues that counsel failed to do the following: (1) object to the State's untimely filing of its witness list and move to strike the State's witnesses; (2) make an offer of proof, setting forth the reasons for defense counsel's failure to timely file its witness list and the testimony of the excluded witnesses; and (3) file a motion to suppress or object to the allegedly suggestive pre-trial identification testimony.
To prevail on a claim of ineffective assistance of counsel, S.T. must establish that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced him. Winters v. State, 698 N.E.2d 1197, 1198 (Ind.Ct.App.1998), reh'g denied, trans. denied. In determining prejudice, we consider whether the result of the proceeding was fundamentally unfair or unreliable. Id. We presume counsel's performance was not deficient, absent convincing evidence to the contrary. Id. To establish that counsel was deficient for failing to object, there must be a showing that an objection would have been sustained. Whitener v. State, 696 N.E.2d 40, 44 (Ind. 1998). If a claim can be disposed of under the prejudice prong, we will address that issue without inquiring whether counsel's performance was deficient. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind.Ct.App. 1999), trans. denied.

I. State's Witness List
S.T. first argues that counsel was ineffective for failing to object to the State's failure to timely file its witness list in compliance with a local rule and move to strike those witnesses. The local rule required each party to provide the court and opposing counsel with a final witness list ten days before trial. Appendix to Brief of Appellant at 1 (citing Elkhart County Local Trial Rule 13). According to S.T., had counsel objected, the trial court would have been required to exclude the State's *941 only two witnesses and, consequently, would have found in favor of S.T.
The State concedes that because it filed its witness list nine days, instead of ten days before trial, it was not in compliance with the local rule. Nevertheless, the State argues that the trial court, even upon objection by defense counsel, could have properly set aside the rule and refused to exclude its witnesses. Relying on Meredith v. State, 679 N.E.2d 1309 (Ind. 1997), the State contends that a trial court may properly set aside a local rule where the defendant is not prejudiced, justice is advanced, and the rule is not mandatory in nature.
In Meredith, the defendant filed a motion to exclude all of the State's witnesses, except for the law enforcement personnel, on grounds that the State failed to comply with a local rule which required the State to include the addresses of all witnesses. Id. at 1310-11. The trial court, finding that the defendant was in no way hindered in locating the witnesses and preparing his defense, concluded that the defendant was not prejudiced by the State's noncompliance and set aside the rule. Id. at 1311.
On appeal, our supreme court affirmed the trial court's decision. Initially, the court noted that as a general rule, trial courts are bound by the local rules which they adopt. Id. The court explained, however, that "a court should not blindly adhere to all of its rules" if doing so would defeat the pursuit of justice. Id. The court further explained that a local rule could be set aside if it was in the interest of justice to do so, the substantive rights of a party were not prejudiced and the rule was not mandatory in nature. Id. at 1312. Applying those principles, the court concluded that the trial court correctly set aside the rule for three reasons. First, the defendant was not prejudiced because he was able to take several key depositions. Id. Second, justice was advanced because the trial court was able to render a judgment on the merits rather than a technicality. Thus, setting aside the rule furthered the purpose of the local rule which was to expedite the discovery process and not hamper the trial proceedings. Id. Finally, the court stated that the rule was directive, not mandatory in nature, because it was not jurisdictional. Id.
Although this case is procedurally different from Meredith, it is nonetheless instructive. That is, even if defense counsel had objected to the State's witnesses, the trial court would have been justified in setting aside the local rule for several reasons. The purpose of the local rule, requiring the filing of a witness list ten days before trial, is to expedite the trial process. In particular, the rule is intended to give each party notice of the other party's witnesses so that opposing counsel is prepared for trial and will not be forced to seek a continuance when an unknown witness is presented. Although the State technically did not comply with the rule when it filed its witness list one day late, there is no evidence that this delay prejudiced S.T. in the preparation of his defense. Moreover, as the State's only two witnesses were the officers from whom S.T. fled, it would seem incredible for counsel to contend that she did not expect these witnesses to testify. Setting aside the rule in this case also promotes justice in that Officers Thayer and Heerschop were the State's key witnesses and comprised the State's entire case. Had they been prevented from testifying, the State's case would have been thwarted, causing the case to be set aside on a technicality. Finally, this local rule, as in Meredith, was directive, not mandatory in nature. Thus, had defense counsel objected to the State's noncompliance and moved to strike the State's only two witnesses, the trial court would have been justified in overruling that objection, and in all probability, would have done so. A more appropriate remedy would have been a continuance. See Fields v. State, 679 N.E.2d 1315, 1319 (Ind.1997) (common remedy for failing to comply with discovery order based on local rule is to grant continuance rather than to *942 exclude witness's testimony). Having concluded that an objection to exclude the State's only two witnesses for filing its witness list one day late would not have been sustained, S.T.'s claim must fail.

II. Defense Witness List
S.T.'s counsel failed to file a witness list before trial, causing the trial court to exclude the testimony of S.T.'s mother and S.T.'s friend. S.T. contends that counsel was ineffective for failing to make an offer of proof, setting forth the reasons why defense counsel failed to timely file a witness list. The local rule includes an exception for the untimely filing of a witness list if good cause is shown. According to S.T., defense counsel should have attempted to establish good cause by presenting S.T.'s mother's testimony that there were misunderstandings about which attorney would be representing her son until a few days before trial. S.T. also argues that defense counsel should have made an offer of proof regarding the testimony of the excluded witnesses, S.T.'s mother and S.T.'s friend, L.C. S.T. claims he was prejudiced because he was denied the right to present witnesses on his behalf.
Even assuming deficient performance in the failure to timely file a witness list, establishing good cause or making an offer of proof, S.T. has not established that he was prejudiced by exclusion of the witnesses. S.T. was permitted to testify at the trial and did so, stating that at the time of the alleged incident, he was at home asleep when he was subsequently awakened by his mother to take a phone call from L.C. Record at 54-55. S.T.'s mother was prepared to testify that she was home with S.T. at the time of the alleged incident and that she awakened him to take a phone call from L.C. Although it is not clear, L.C. presumably would have corroborated S.T.'s and S.T.'s mother's version of events. Record at 22, 24. Thus, the testimony was merely cumulative, and although it would have corroborated S.T.'s testimony, it would not have substantially impacted the trial in light of the officers' unequivocal in-court identifications. Therefore, S.T. was not prejudiced. See Williams v. State, 458 N.E.2d 227, 229 (Ind.1984) (concluding that defense counsel's failure to call defendant's mother to corroborate defendant's alibi defense did not prejudice defendant's defense).

III. Pre-trial Identification
Finally, S.T. argues that counsel was ineffective for failing to file a motion to suppress or object to the allegedly suggestive pre-trial identification process. The record reveals that S.T. became a suspect after a detective, investigating the incident, inquired about the acquaintances of the youth who had been arrested. After Officer Thayer was informed of S.T.'s name, he and Officer Heerschop were shown a photograph of S.T. Record at 31, 49, 52. According to S.T., this process was unduly suggestive because it caused him to become the focus of the investigation by one member of the police department and did not allow identification "by sight or by an array of photographs" by the officers. Appellant's Brief at 4. S.T. further argues that the in-court identifications were tainted by this procedure.
The Due Process Clause requires suppression of a pre-trial identification process which is unduly suggestive. Wade v. State, 718 N.E.2d 1162, 1167 (Ind. Ct.App.1999), reh'g denied, trans. denied. If an independent basis for the in-court identification exists, however, the identification made during trial is admissible despite any improper pre-trial identification procedure. Young v. State, 700 N.E.2d 1143, 1146 (Ind.1998). For example, in Utley v. State, 589 N.E.2d 232, 238 (Ind. 1992), cert. denied, 506 U.S. 1058, 113 S.Ct. 991, 122 L.Ed.2d 142 (1993), our supreme court held that an independent basis for in-court identifications existed where the witnesses gave detailed descriptions of the defendant soon after the incident, were certain that the defendant was the perpetrator, and testified to the distance between *943 them and the perpetrator, the weather conditions and the length of time viewing the defendant. If an independent basis exists, a claim of ineffective assistance of counsel for failure to contest an allegedly suggestive pre-trial identification process must fail. Gourley v. State, 640 N.E.2d 424, 428 (Ind.Ct.App.1994), trans. denied.
Here, Officer Thayer testified in court that the fight occurred during the afternoon when the weather was "clear and sunny." Record at 30. He further testified that he was three to five feet from S.T. and that his eyesight was good. Record at 30. Officer Thayer also testified that although he was in the process of placing handcuffs on the other youth, he "looked over and saw that [Officer Heerschop] was in a physical confrontation . . . with [S.T.]." Record at 28-29. The fight lasted about thirty seconds and Officer Thayer "had a view of [S.T.] during the entire confrontation. . . ." Record at 29, 40. Following the incident, Officer Thayer was able to give the detectives a description of S.T., and in court, Officer Thayer was unequivocal in his identification of S.T. Record at 32-33.
Officer Heerschop offered similar testimony regarding the weather conditions and his ability to observe S.T., stating that he was just six inches from S.T.'s face during the altercation. Record at 47. Officer Heerschop further stated that he had a clear look at S.T. when the officers first approached the youths and spoke with them. Record at 50. Similar to Officer Thayer, Officer Heerschop testified in court that he had "no doubt" that S.T. was the youth with whom he had struggled. Record at 51. In light of this testimony, an independent basis existed for the admission of the testimony. As a result, any failure by counsel to contest the allegedly improper pre-trial identification procedures did not amount to ineffective assistance of counsel.

IV. Cumulative Effect of Errors
Finally, S.T. argues that the cumulative effect of counsel's errors was prejudicial and denied him a fair trial. Although individual errors, standing alone, might not amount to ineffective assistance of counsel, the cumulative effect may be substantial enough to be prejudicial. Brim v. State, 624 N.E.2d 27, 36 (Ind.Ct.App.1993), trans. denied. Here, S.T. has failed to make such a showing.
Judgment affirmed.
BAILEY, J., concurs.
SULLIVAN, J., dissents with separate opinion.
SULLIVAN, Judge, Dissenting
I am troubled that the trial court in this case permitted the State to file a witness list in violation of the local rule, which requires the filing of witness lists at least ten days before trial, but did not afford the defendant similar leniency when he violated the same rule. See Elkhart County Local Trial Rule 13. Therefore, the State's witnesses were allowed to testify; the defendant's witnesses were excluded. Because this case involves an inequitable application of the local rule, I do not agree with the majority's holding that defense counsel's failure to submit his own witness list was not ineffective assistance.
Defense counsel also did not object to the State's untimely filing of its witness list. The majority states that this failure was not ineffective assistance because if counsel would have objected to the State's witness list filed one day late, the trial court likely would have set aside the local rule and allowed the witnesses. This would have been the probable outcome because the two witnesses were both police officers upon whose testimonies the State's case relied. Therefore, I agree with the majority that defense counsel's failure to object did not amount to ineffective assistance.
*944 Relying upon Meredith v. State (1997) Ind., 679 N.E.2d 1309, 1311, the majority emphasizes that local rules may be set aside where the substantive rights of a party are not prejudiced, justice is advanced, and the rule is not mandatory in nature. Here, a one-day violation of a rule which was not mandatory allowed the defense time to prepare, and not excluding the witnesses promoted justice, given that their exclusion would have destroyed the State's case. The majority noted that the trial court might have instead granted a continuance as a remedy.
However, because the trial court allowed the State's witnesses to testify, despite a violation of the local rule, it would have been equitable to allow the defense's witnesses to testify when the defense neglected to file a witness list. Our Supreme Court announced in Meredith that "a court should not blindly adhere to all of its rules" in the interests of justice. Id. Further, witness exclusion is an extreme sanction. Williams v. State (1999) Ind.App., 714 N.E.2d 644, 651, cert. denied (2000) ___ U.S. ___, 120 S.Ct. 1195, 145 L.Ed.2d 1099. "Trial courts have the discretion to exclude a belatedly disclosed witness when there is evidence of bad faith on the part of counsel or a showing of substantial prejudice to the State." Id.
In the instant case, the trial court set aside the local rule when the State violated it, but adhered to the rule when the defendant was in violation. This resulted in a double standard for the State and the defendant. I understand that the violations may not be of the same gravity, when comparing a one-day late witness list with no witness list at all, but there is no evidence of bad faith on the part of the defense. Further, the State would not have been prejudiced by these witnesses.
As a practical matter, the State could have spoken with the two potential defense witnesses just prior to the hearing to become fully informed. A mere one-half of an hour delay in the trial would seem adequate for the State to become acquainted with these witnesses and their expected testimony. A short delay caused by the need to interview witnesses who planned to testify to a course of events similar to that of the defendant does not result in irreparable prejudice to the State. This sort of delay would instead be one of only minimal inconvenience, and would also be in accord with the majority's conclusion that a continuance would be a more appropriate remedy than witness exclusion for the State's violation of the same local rule.
The majority also concludes that the testimony of the two defense witnesses would have been merely cumulative. I disagree. The defendant testified that he was asleep on the couch while the crime was being committed, and that his mother awakened him to take a call from a friend during this time. The defendant's mother was prepared to testify that he indeed was sleeping upon the sofa when she awakened him to take a friend's call. Moreover, the defendant's friend who called him was going to testify that he spoke with the defendant at the time the defendant said he received the call.
This evidence may not be so summarily dismissed as merely cumulative and therefore without probative value. This evidence would have been a corroboration of crucial facts. These two witnesses, while not exactly objective and detached, would have provided a version of events which may not have seemed as self-serving as the defendant's own testimony. Evidence is not cumulative if it brings to life a new and independent truth of a different character, even if that evidence tends to prove the same proposition. See Tyson v. State (1993) Ind.App., 619 N.E.2d 276, 304, trans. denied (Sullivan, J., dissenting). These two witnesses would have added a different perspective to the defendant's version of events and reinforced his account, and therefore, the exclusion of the witnesses unnecessarily prejudiced the defendant.
*945 Although I conclude that the trial court should have allowed the defense witnesses to testify without the filing of a witness list ten days before trial, I believe that the defense counsel's failure to submit a witness list was ineffective assistance because of the value the testimonies of the two witnesses would have added to the defense. The defendant was prejudiced by the failure of his counsel to submit a witness list. His counsel should have made an offer to prove or requested an exception to the local rule like the State received.
I would reverse and remand for a new adjudication hearing.
NOTES
[1] IND.CODE § 35-42-2-1.
[2] IND.CODE § 35-44-3-3.
[3] IND.CODE § 7.1-5-7-7.