Charles L. JACKSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 27S00–8707–CR–692.

Supreme Court of Indiana.

July 13, 1989.

---

Bruce D. Metzger, James A. McKown, Jr., Marion, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Jackson was charged and convicted in a trial by jury of the offense of rape, a Class B felony. I.C. 35–42–4–1. He received a sentence of imprisonment of twenty years. I.C. 35–50–2–5. In this direct appeal of that conviction it is claimed: (1) the verdict is inconsistent, hence illegal, (2) the evidence is insufficient, (3) error occurred when the testimony of a defense witness was excluded, (4) a prejudical irregularity in the trial occurred when appellant was transported in shackles in an elevator along with one of the jurors, and (5) the sentence is manifestly unreasonable.

The evidence presented at trial which tends to support the verdict shows the following. In September of 1985 a woman, E.S., went to a bar in Marion late at night and stayed until closing at about 3:00 a.m. Upon leaving she offered appellant a ride home in her car and he accepted. Appellant had joined her at her table during the evening, bought her a couple of beers and had danced with her. When they neared appellant's residence in the car, he directed her down an alley to the rear of the house. On stopping she said, "Check you later." He responded, "Take off your clothes." He then held a syringe and needle in his hand and said he would stick her with it and said he was going to kill her. Holding it to her neck, he forced her out of the car and into a garage and into a car parked there, where, while still holding the syringe in this menacing manner, forced her to disrobe and submit to sexual intercourse. Thereafter he ordered her back into her car and to drive them to a park, where he again threatened to kill her and she again submitted to sexual intercourse. After he released her, she went to the house of a friend who had a telephone and called the police. Her clothing was then torn and disheveled with dirt ground into it.

(1)

Appellant was charged with two counts of rape. They were worded identically, one was intended to cover the garage incident and the other the park incident. Trial concluded with verdicts of guilty of the first rape and not guilty of the second. Appellant claims that the verdicts are logically inconsistent and that the guilty verdict is contrary to law and should be set aside.

 Verdicts may be so extremely contradictory and irreconcilable as to require corrective action. *Marsh v. State* (1979), 271 Ind. 454, 393 N.E.2d 757. Ordinarily where the trial of one defendant results in acquittal upon some charges and convictions on others, the results will survive a claim of inconsistency where the evidence is sufficient to support the convictions. *Totten v. State* (1985), Ind., 486 N.E.2d 519. In resolving such a claim, the Court will not engage in speculation about the jury's thought processes or motivation. *Marsh*, 271 Ind. 454, 393 N.E.2d 757. However, the legal avenue remains open for the claim that there is an inconsistency which renders the result of the trial irrational.

 Here appellant claims that the acquittal by the jury of the rape in the vicinity of the park amounted to a rejection of the victim's testimony, thus rendering the jury verdict of guilty of the rape in the garage inconsistent. Here there can be no necessary inconsistency, as the two counts referred to separate acts which occurred in different places and at different times; and the jury would be well within its prerogative in fully and sufficiently crediting only that part of the victim's testimony that related to the first attack. *Totten*, Ind., 486 N.E.2d 519.

(2)

 Appellant next contends the evidence is insufficient to convict. In consid-

ering this issue we do not weigh the evidence or judge questions of credibility, but look solely to the evidence tending to support the verdict, and upon so doing, reverse only if the evidence lacks that probative value upon which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657; *Turner v. State* (1972), 259 Ind. 344, 287 N.E.2d 339. The State's case rested primarily upon the testimony of the alleged victim. Thereupon the argument made is that rejection by the jury of the victim's testimony that she was subjected to threat of deadly force and that the second attack even took place, when coupled with the differences between the victim's statement in her deposition and her trial testimony, shows a lack of sufficient evidence. This claim calls for no more than a weighing of the evidence and a judging of the credibility of a witness. That call was answered by the jury and the evidence was clearly sufficient to support that answer.

(3)

The State sought and was granted a motion in limine pursuant to the Rape Shield Law, I.C. 35-37-4-4, preventing the testimony of a man that he had had sexual intercourse with the victim at her home the day before the charged rape. Appellant claims that this ruling was error, as it prevented him from impeaching her, and that the door for impeachment on this point was opened when the victim testified that she had spent the day preceding the rape cleaning her home.

In *Thomas v. State* (1984), Ind., 471 N.E.2d 677, a fifteen-year-old left her boyfriend's house after having had sexual intercourse with him. Her credibility was crucial at trial. Evidence of that prior intercourse was relevant as it tended to show an innocent source of semen and scratches, and would have had a slight impeaching force. This Court upheld the exclusion of evidence of that prior act of intercourse. In *Hall v. State* (1978), 176 Ind.App. 59, 374 N.E.2d 62, the Court of Appeals was of the opinion that, where an alleged rape victim at trial expressly denies having

threatened to accuse persons of raping her, testimony of her father that she had in fact made such false accusations would not be properly excluded under the statute. The *Thomas* case involved direct evidence of past consensual sexual conduct, while the *Hall* case involved the propensity to make false sexual accusations. This case is like the *Thomas* case and a like result is warranted. The exclusionary ruling was correct.

(4)

During a lunch period at trial, appellant rode the courthouse elevator with a juror and her husband. He was in shackles and handcuffs, accompanied by two armed guards. Appellant testified at a post-trial hearing that he gained the impression that she was afraid to ride the elevator with him.

The general rule precludes the presentation to the jury of the defendant in bonds and shackles. *Smith v. State* (1985), Ind., 475 N.E.2d 1139. The court is charged with the duty of enforcing this rule in a reasonable manner. However, it is not every meeting of juror and defendant while so restrained in the hallways of the courthouse that creates a prejudice warranting a new trial. *Malott v. State* (1985), Ind., 485 N.E.2d 879. In this instance, the confrontation was with a single juror. The circumstances here were very serious and did create a substantial potential for prejudicing a juror, and are not condoned. However, the jury here rejected the evidence of the use of deadly force across the board and the evidence of the second assault. Under these circumstances, we are satisfied that the fairness and impartiality of appellant's trial was not impinged by this chance meeting.

(5)

Appellant was sentenced to twenty years, ten being a presumptive sentence and ten added for aggravating circumstances. He contends that the sentence is manifestly unreasonable in light of the nature of his offense and character. Specifically, it is contended that the trial court erred when

citing aggravating circumstance number three and when failing to find the existence of mitigating circumstances.

 The trial court cited appellant's need for correctional or rehabilitative treatment due to his failure to learn anything from a previous conviction for rape as the third aggravating circumstance. Such circumstance is stated in I.C. 35–38–1–7(b)(3). Appellant contends that this factor is irrelevant since the sentence for the offense in this case was a nonsuspendable one under I.C. 35–50–2–2.

 Pursuant to I.C. 35–50–2–2(b), the sentencing court cannot suspend an entire sentence for Class B felony rape, however it may suspend that part of one which is in excess of the mandatory minimum of six years. Thus it is not accurate to view this sentence as nonsuspendable since the sentencing court here could have suspended fourteen years of appellant's twenty year sentence. The statute, I.C. 35–38–1–7, calls for the sentencing court to give due consideration to that personal condition of the defendant identified as the need of the individual for correctional or rehabilitative treatment within the confines of a penal facility when making a sentencing decision. The statute does not preclude consideration of that condition when, as here, the court is setting the overall length of a sentence which may be suspended in part. The reason of the statute countenances consideration of such condition at those points in the process at which the court sets the overall term of years and at which the court decides whether to suspend part of the sentence. There was no error in considering this factor as one warranting an enhancement beyond the standard. Appellant next challenges the sentencing order wherein it concludes that there were no mitigating circumstances. It is argued that the court was in error in rejecting recent pastoral care, appellant's arrangements for treatment of a substance abuse problem, employment record, and the existence of a supportive family, as mitigating factors. The record shows that the trial court considered these circumstances, but found them to have no mitigating weight,

since the same ones had existed at prior times and appellant had not taken advantage of them. It is within the province of the sentencing court, after due consideration, to assign mitigating values. *Christopher v. State* (1987), Ind., 511 N.E.2d 1019.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.