Sean D. CLEASANT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A01–0205–CR–194.

Court of Appeals of Indiana.

Dec. 23, 2002.

Jeffrey D. Stonebraker, Clark County Public Defender Agency, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Sean D. Cleasant appeals his conviction following a jury trial for Neglect of a Dependent, as a Class D felony. He presents two issues for our review:

1. Whether there was sufficient evidence to support his conviction.

2. Whether the jury's verdicts[1] are fatally inconsistent and require reversal.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 2, 2001, after receiving a tip from a confidential informant, Detective Harold Kramer of the Clark County Sheriff's Department arranged a controlled drug buy with Rafael Stigall. Detective Kramer met Stigall at a Ponderosa restaurant in Clarksville to conduct the transaction, and several other undercover officers were present at the scene to assist Detective Kramer. When Stigall arrived, Detective Kramer observed that there was a male passenger, later identified as Cleasant, sitting in the front seat of Stigall's car.

As Stigall exited the car and walked toward the restaurant, the other officers approached and arrested Stigall, but Detective Kramer focused his attention on Cleasant. When Detective Kramer observed Cleasant attempting to exit the car, he approached the car door. Detective Kramer watched as Cleasant reached inside his coat, as if retrieving something. Detective Kramer then pointed his gun at Cleasant and ordered him to get out of the car. After Detective Kramer arrested Cleasant, he found a bag of marijuana in Cleasant's coat, and he noticed a baby sitting in the back seat of the car. Cleasant advised Detective Kramer that the baby was his one-year-old son.

The State charged Cleasant with Dealing in Marijuana, Possession of Marijuana, and Neglect of a Dependent. A jury found him guilty of neglect of a dependent, but acquitted him of the other charges. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sufficiency of the Evidence

██ Cleasant first contends that the State presented insufficient evidence to sustain his conviction. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *Ferrell v. State*, 746 N.E.2d 48, 50 (Ind.2001). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To prove the offense of neglect of a dependent, as a Class D felony, the State was required to show that Cleasant knowingly or intentionally placed his infant son in a situation that might have endangered his life or health. *See* Ind.Code § 35–46–1–4(a)(1). Our supreme court has held that "the knowing exposure of a dependent to an environment of illegal drug use poses an actual and appreciable danger to that dependent and thereby constitutes neglect regarding the endangerment requirement of the offense [of neglect of a dependent]." *White v. State*, 547 N.E.2d 831, 836 (Ind. 1989). The court reasoned that " '[n]eglect is the want of reasonable care that is, the omission of such steps as a reasonable parent would take, such as are usually taken in the ordinary experience of mankind . . . .' " *Id.* (quoting *Eaglen v. State*, 249 Ind. 144, 231 N.E.2d 147, 150 (1967)). We think that exposure to illegal drug use is analogous to exposure to dealing in an illegal drug, and, thus, we extend the holding in *White* to the circumstances present here. Indeed, we think that the dangers

1. As we will discuss below, Cleasant was also charged with Dealing in Marijuana and Possession of Marijuana, but the jury acquitted him of those charges.

inherent in drug dealing are much worse than those associated with drug use alone, and we hold that the knowing exposure of a dependent to a drug deal constitutes neglect under Indiana Code Section 35–46–1–4.

In his brief on appeal, Cleasant admits that "there was evidence presented at his trial from which one could possibly infer that he knowingly brought his son to a drug deal." But Cleasant argues that the evidence was insufficient to prove that he knowingly or intentionally "had any involvement with the marijuana or drug deal in question." This argument misses the point. The State was only required to prove that Cleasant knowingly brought his son along to Stigall's drug deal. *See* Ind. Code § 35–46–1–4. As Cleasant acknowledges, the facts presented at trial support a reasonable inference that Cleasant knew that Stigall was on his way to conduct a drug deal when he decided to bring along his infant son. Detective Kramer testified that he observed Cleasant make furtive movements after Stigall was arrested, and he found a bag containing approximately a quarter pound of marijuana in Cleasant's coat pocket. We hold that the evidence was sufficient to support Cleasant's conviction of neglect of a dependent.

### Issue Two: Inconsistent Verdicts

■ Cleasant next contends that the jury's verdicts are fatally inconsistent and require reversal. Specifically, he maintains that it is impossible to reconcile the jury's acquittals on the possession and dealing charges with his conviction on the neglect of a dependent charge. We cannot agree.

■ Verdicts may be so extremely contradictory and irreconcilable as to require corrective action. *Jackson v. State*, 540 N.E.2d 1232, 1234 (Ind.1989). Ordinarily where the trial of one defendant results in acquittal upon some charges and convictions on others, the results will survive a claim of inconsistency where the evidence is sufficient to support the convictions. *Id.* In resolving such a claim, the court will not engage in speculation about the jury's thought processes or motivation. *Id.* However, the legal avenue remains open for the claim that there is an inconsistency which renders the result of the trial irrational. *Id.* Each count of a multi-count indictment or information is regarded as a separate indictment or information. *Jordan v. State*, 692 N.E.2d 481, 484 (Ind. Ct.App.1998). For purposes of trial, each count is treated and measured separately, and a defendant may be found guilty or acquitted on one or more or all of several charges. *Id.* Here, because we have already concluded that there was sufficient evidence to support the neglect of a dependent conviction, we may sustain the jury's verdict. *See Jackson*, 540 N.E.2d at 1234.

Cleasant contends that "based on the language of the charging information for neglect of a dependent it is impossible to reconcile the jury's verdict of guilty on that charge with the jury's decision to acquit Cleasant of both drug offenses." The relevant information read as follows: "Sean Demetrius Cleasant, having the care of a dependent, his one (1) year old child, did knowingly or intentionally place the dependent in a situation that endangered the dependent's life or health, to-wit: by bringing the dependent to a drug deal." Contrary to Cleasant's contention on appeal, none of the language included in the information references Cleasant's possession of marijuana or participation in Stigall's drug deal.

Cleasant admits that "his acquittal on the dealing in marijuana charge would not, in and of itself, require a conclusion that such a verdict was irreconcilable with his conviction for neglect of a dependent." Cleasant reasons that despite his acquittal

on the dealing charge, the jury "could still have inferred that Cleasant and Stigall had intended to engage in a drug transaction." But Cleasant maintains that his acquittal on the possession charge means that "the jury had to accept that Cleasant not only was not involved in any drug transaction, but indeed had no prior knowledge of the marijuana, and after discovering the same did not have time to terminate his possession before his arrest by Detective Kramer."[2] But, again, we will not engage in speculation about the jury's thought processes or motivation. *See Jackson,* 540 N.E.2d at 1234.

We have held that the evidence is sufficient to support Cleasant's conviction. As we have already noted, the evidence supports a reasonable inference that Cleasant knew that he was accompanying Stigall to a drug deal when he placed his infant son in the back seat of Stigall's car. This inference is not inconsistent with the jury's decision to acquit Cleasant of the two drug charges. Cleasant has not demonstrated that the jury's verdicts are so extremely contradictory and irreconcilable as to require reversal.

Affirmed.

VAIDIK and ROBB, JJ., concur.

---

2. Cleasant testified that he found the bag of marijuana lying under the brake pedal after Stigall got out of the car and then put the bag in his coat.