## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2017, 6:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antuan Harney,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 28, 2017<br><br>Court of Appeals Case No.<br>49A05-1705-CR-1145<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Shatrese M. Flowers, Judge<br><br>The Honorable James Kevin Snyder, Commissioner<br><br>Trial Court Cause No.<br>49G20-1509-F2-31979 |

**Crone, Judge.**

# Case Summary

Antuan Harney appeals the trial court's denial of his motion for discharge pursuant to Indiana Criminal Rule 4(B). On appeal, he argues that the trial court abused its discretion in striking his pro se speedy trial motion and committed clear error in denying his motion for discharge. Finding no abuse of discretion or clear error, we affirm.

# Facts and Procedural History

On September 9, 2015, the State charged Harney with level 2 felony dealing in a narcotic drug, level 2 felony dealing in cocaine, level 3 felony possession of a narcotic drug, level 4 felony possession of cocaine, level 6 felony maintaining a common nuisance, and class B misdemeanor possession of marijuana. Harney was arrested and taken into custody on September 21, 2015. Harney retained attorney Timothy Burns as his trial counsel, and Burns filed his appearance on September 23, 2015. At the initial hearing held that same date, the trial court set a trial date of February 9, 2016.

Burns filed a motion to withdraw his appearance on November 24, 2015, stating that Harney "was incarcerated and unable to pay an attorney fee" and was "in need of a public defender." Appellant's App. Vol. 2 at 40. The trial court set a hearing on counsel's motion to withdraw for December 7, 2015. Meanwhile, on December 3, 2015, Harney filed a pro se letter with the trial court in which he requested a "fast and speedy trial under rule 4(B)." *Id.* at 44. On December 4, the trial court entered an order striking Harney's pro se

"Motion for Fast and Speedy Trial," noting that Harney was represented by counsel and that the court "does not recognize motions made by non-attorney of record." *Id*. at 45. At the hearing on Burns's motion to withdraw on December 7, Harney appeared and informed the trial court that he needed the services of a public defender. The trial court appointed public defender Kyle Cassidy to represent Harney, and Cassidy filed his appearance on that date.

[4] On February 3, 2016, the trial court held a final pretrial conference. During that hearing, the State moved to continue the trial date. Over Harney's objection, the trial court granted the motion for continuance and reset the trial date for April 5, 2016. In March 2016, a third attorney, Dana Childress-Jones, filed an appearance on Harney's behalf. Then, on March 23, Harney filed a motion for discharge pursuant to Indiana Criminal Rule 4(B). Following a hearing, the trial court denied the motion. Harney filed a motion for certification of interlocutory appeal and an emergency motion for immediate release pursuant to Indiana Criminal Rule 4(A).[1] The trial court granted Harney's Criminal Rule 4(A) motion, and he was released from custody on March 31, 2016. The trial court denied the motion for certification of interlocutory appeal on the Criminal Rule 4(B) motion for discharge as moot.

---

[1] The trial court concluded that Harney had been in continuous custody from the date of his arrest on September 21, 2015, through March 31, 2016, in violation of Criminal Rule 4(A) which provides in relevant part that "[n]o defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) …."

Harney's level 6 felony charge was later dismissed, and a jury trial was held on March 2, 2017. The jury found Harney guilty of level 2 felony dealing in a narcotic drug, level 3 felony possession of cocaine, level 4 felony possession of cocaine, and class B misdemeanor possession of marijuana. The trial court sentenced Harney to an aggregate term of twelve years, with three years to be served in the Department of Correction, five years to be served in community corrections, and four years suspended.

## Discussion and Decision

This appeal involves motions filed by Harney pursuant to Indiana Criminal Rule 4(B). Our supreme court has explained,

> The broad goal of Indiana's Criminal Rule 4 is to provide functionality to a criminal defendant's fundamental and constitutionally protected right to a speedy trial. It places an affirmative duty on the State to bring the defendant to trial, but at the same time is not intended to be a mechanism for providing defendants a technical means to escape prosecution.

> Subsection B of Criminal Rule 4 provides that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion." Ind. Crim. Rule 4(B)(1). Exceptions to this requirement include where the defendant seeks a continuance or the delay is otherwise the result of the defendant's conduct, "or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar." Crim. R. 4(B)(1).

*Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013) (some citations omitted).

## Section 1 – The trial court did not abuse its discretion in striking Harney's pro se speedy trial motion.

[7] We first address the trial court's decision to strike Harney's pro se speedy trial motion. The trial court struck Harney's pro se motion because he was represented by counsel at all relevant times. Harney asserts that the trial court abused its discretion in doing so. We disagree.

[8] When a defendant is represented by an attorney and attempts to file a pro se motion, it is "within the trial court's discretion to accept and respond to it or to strike it." *Kindred v. State*, 521 N.E.2d 320, 325 (Ind. 1988); *see* Ind. Trial Rule 11. Indeed, it is well settled that once "counsel is appointed, a criminal defendant speaks to the court through his or her attorney." *Schepers v. State*, 980 N.E.2d 883, 886 (Ind. Ct. App. 2012). A request to proceed pro se is a waiver of the right to counsel. *Id.* Consequently, there are several requirements to successfully invoke the right of self-representation. *Id.* Specifically, "the defendant must make a 'clear and unequivocal' request within a reasonable time prior to trial." *Id.* (quoting *Stroud v. State*, 809 N.E.2d 274, 279 (Ind. 2004)). Also, a defendant's choice must be knowing, intelligent, and voluntary. *Id.*

[9] The record indicates that attorney Burns filed an appearance as Harney's trial counsel on September 23, 2015. On November 24, 2015, Burns filed a motion to withdraw his appearance. The trial court set a hearing on the motion for December 7, 2015. On December 3, 2015, Harney sent a pro se letter to the trial court requesting a speedy trial under Criminal Rule 4(B). On December 4,

the trial court entered an order striking the pro se motion, noting that Harney was represented by counsel. Following the hearing on December 7, 2015, the trial court granted Burns's motion to withdraw and appointed attorney Kyle Cassidy. At no relevant time was Harney unrepresented by counsel, nor did he ever unequivocally invoke his right of self-representation.[2]

[10] Harney concedes that the trial court clearly had the discretion to strike his pro se speedy trial motion under the circumstances but that the question remains as to "whether the trial court **should have** struck the motion." Reply Br. at 4. This is merely a request for us to reweigh the evidence, which we will not do. The trial court did not abuse its discretion.

## Section 2 – The trial court did not clearly err in denying Harney's motion for discharge.

[11] We next address the trial court's denial of Harney's motion for discharge pursuant to Criminal Rule 4(B). Appellate review of a trial court's denial of a Criminal Rule 4(B) motion for discharge is only for clear error. *Austin,* 997 N.E.2d at 1040. This Court neither reweighs the evidence nor determines the credibility of witnesses. *Id.* "We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing

[2] Both Harney and the State question why the trial court's December 4 order striking Harney's pro se motion and referencing the appointment of new counsel was apparently not served on the parties or entered into the chronological case summary until December 14, 2015. The State suggests a typographical error regarding the date, while Harney suggests lack of diligence or "confusion" on the trial court's part. Appellant's Br. at 19. Regardless, we agree with the State that any "irregularities" in the trial court's order do not change the fact that Harney was represented by counsel at all relevant times *and* at no time did he unequivocally invoke his right of self-representation.

of clear error. Clear error is that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted).

[12] As we concluded above, the trial court did not abuse its discretion in striking Harney's pro se speedy trial motion. Thus, at the time Harney's counsel filed a motion for discharge on March 30, 2016, there was no speedy trial motion pending. In denying the motion for discharge, the trial court noted that Harney was represented by counsel when he attempted to file the pro se motion for speedy trial. Because Harney did not properly request an early trial pursuant to Criminal Rule 4(B), the trial court did not clearly err in denying his motion for discharge. *See Jenkins v. State,* 809 N.E.2d 361, 368 (Ind. Ct. App. 2004), *trans. denied*. The trial court's rulings are affirmed.

[13] Affirmed.

Robb, J., and Bradford, J., concur